UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVELER'S CASUALTY & SURETY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE MANUFACTURERS LIFE INSURANCE CO., NORTHWESTERN MUTUAL LIFE, MERRILL LYNCH,<br><br>Defendants. | No. 03 C 4590<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM AND OPINION ORDER

Kenneth Zahner, the former Chief Financial Officer of Volwood Corp., was convicted of embezzling funds from the company. Between April 28, 1995 and February 1, 2001, Zahner issued some 19 checks from Volwood's corporate account, naming one of three financial institutions as payee: Defendants Manufacturers Life Insurance Co. ("Manufacturers"), Northwestern Mutual Life Insurance Co. ("Northwestern"), and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"). For each check, Zahner directed that the funds be deposited for his personal use. Plaintiff Traveler's Casualty & Surety Co. ("Traveler's"), as assignee of Volwood, filed suit charging Manufacturers, Northwestern, and Merrill Lynch with negligence, breach of fiduciary duty, constructive trust, aiding and abetting, and violations of California law[1] in connection with Zahner's embezzlement.

On or about September 23, 2003, Traveler's voluntarily dismissed Manufacturers pursuant to FED. R. CIV. P. 41(a)(1). On August 10, 2004, the court dismissed Northwestern, finding that Traveler's claims against the company supported recovery of only $14,000, well below the

---

[1] The parties agree that California law governs the substantive legal issues in this diversity jurisdiction case. (Traveler's Response to Merrill Lynch's Second Motion to Dismiss (hereinafter "Traveler's Resp."), at 6 n.1.)

threshold required for diversity jurisdiction. (Minute Order of 8/10/04, Doc. No. 24.) *See also* 28 U.S.C. § 1332(a) (requiring a controversy exceeding the sum or value of $75,000). The court also dismissed claims against Merrill Lynch for constructive trust and aiding and abetting, and concluded that Traveler's claim under California Uniform Commercial Code ("CCC") § 3307 was barred by the three year statute of limitations.[2] (*Id.*) *See also* CAL. COM. CODE § 3118. Traveler's never filed an amended complaint and Merrill Lynch now moves to dismiss the remaining claims for negligence and breach of fiduciary duty. For the reasons set forth here, the motion is granted.

## **BACKGROUND**

Volwood is a California corporation engaged in managing and leasing commercial property. (Cmplt. ¶ 8.)[3] Traveler's is a Connecticut insurance corporation that "has been assigned all interest Volwood Corp. may have against any defendant" in connection with Zahner's embezzlement. (*Id.* ¶¶ 1, 2.) Merrill Lynch, a Delaware corporation with its principal place of business in New York, is "one of the world's leading financial management and advisory companies." (*Id.* ¶ 5; http://www.ml.com/index.asp?id=7695_8134.) Manufacturers is a Michigan insurance corporation with its principal place of business in Michigan. Northwestern is a Wisconsin insurance corporation with its principal place of business in Wisconsin. (*Id.* ¶¶ 3, 4.) Merrill Lynch, Manufacturers, and Northwestern all do business in Illinois, and the parties agree that venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391. (*Id.* ¶¶ 3-5, 7.)

Zahner was hired as an accountant/bookkeeper for Volwood in 1988, and was promoted to Chief Financial Officer ("CFO") in 1993.[4] (*Id.* ¶¶ 9, 10.) As CFO, Zahner had "complete control

---

[2] The cause of action in this case accrued between November 1995 and November 1997, when the embezzled checks were deposited into Zahner's account. Traveler's did not file this lawsuit, however, until July 1, 2003.

[3] The Complaint is cited as "Cmplt. ¶ __."

[4] The Complaint does not indicate who made the decisions to hire and later promote Zahner.

2

and sole authority concerning Volwood's accounts payable and accounts receivable," as well as "complete authority to issue checks from Volwood's corporate account for accounts payable." (*Id.* ¶¶ 11, 12.) Between November 1995 and February 1998, Zahner used his authority as CFO to issue checks on, and wire funds from, Volwood's corporate account for deposit in his personal account at Merrill Lynch. The checks all named Merrill Lynch as payee, but Zahner directed that the funds be deposited in his own account. (*Id.* ¶¶ 40-59.) Zahner was not authorized to make such personal transfers, and Volwood was not indebted to Merrill Lynch at the time of payment. Nevertheless, "Merrill Lynch never questioned the deposit[s]." (*Id.* ¶¶ 42, 45, 48, 51, 54, 57, 60.) Zahner engaged in similar transfer activities at Manufacturers and Northwestern between April 1995 and February 2001. (*Id.* ¶¶ 15-39, 62-73.)

Volwood discovered Zahner's improper transfers in July 2001, and Zahner was subsequently convicted of embezzlement.[5] (*Id.* ¶ 14.) On July 1, 2003, Traveler's filed suit against Merrill Lynch, Manufacturers, and Northwestern, alleging negligence, breach of fiduciary duty, constructive trust, aiding and abetting, and violations of California law for their roles in Zahner's theft. (*Id.* ¶¶ 1, 2, 78-151.) As noted earlier, Manufacturers and Northwestern have been dismissed from this action, and the only claims standing against Merrill Lynch are claims of negligence and breach of fiduciary duty. (Minute Order of 8/10/2004, Doc. No. 24.) Merrill Lynch now seeks to dismiss those claims as well, arguing that (1) both are displaced by the CCC; (2) both are barred by the limitations period in the CCC; (3) both are alternatively barred by the limitations periods in the California Code of Civil Procedure; and (4) Merrill Lynch had no fiduciary relationship with Volwood for purposes of a breach of fiduciary duty claim.

---

[5] The Complaint does not indicate who at Volwood discovered the theft, or provide any details regarding Zahner's prosecution and conviction.

3

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A motion to dismiss will be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss for failure to state a claim, the court accepts as true all factual allegations in the plaintiff's complaint and draws all reasonable inferences in his favor. *Flannery v. Recording Industry Ass'n of Am.*, 354 F.3d 632, 640 (7th Cir. 2004); *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 770 (7th Cir. 2002).

### I. Displacement by CCC

Merrill Lynch first argues that the negligence and breach of fiduciary duty claims are both displaced by CCC §§ 1103, 3306, and 3307. Section 1103 states that the CCC is supplemented by principles of law and equity only if those principles are not displaced by the particular provisions of the CCC. CAL. COM. CODE § 1103. Displacement occurs whenever the CCC "articulates a loss distribution scheme that applies to fact patterns" alleged in the case. *Lee Newman, M.D., Inc. v. Wells Fargo Bank*, 87 Cal. App. 4th 73, 79-80 (Cal. Ct. App. 2001). In other words, if a loss distributive scheme is available under the CCC for a particular fact pattern, then related common law claims must be dismissed. *Stenseth v. Wells Fargo Bank*, 41 Cal. App. 4th 457, 466 (Cal. Ct. App. 1995).

Merrill Lynch contends that CCC §§ 3306 and 3307 provide a loss distributive scheme that mirrors the fact pattern alleged in this case. Section 3306 divides holders of negotiable instruments into two categories: "holders in due course," who "take[] free of [a] claim to the instrument," and all other holders who take the instrument "subject to a claim in the instrument or its proceeds." CAL.

4

COM. CODE § 3306. Section 3307 addresses the circumstances giving rise to notice of a breach of fiduciary duty and, thus, notice that a "represented person"[6] has a claim to an instrument:

> (b) If (i) an instrument is taken from a fiduciary[7] for payment or collection or for value, (ii) the taker has knowledge of the fiduciary status of the fiduciary, and (iii) the represented person makes a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty, the following rules apply:
>
> * * * *
>
> (4) If an instrument is issued by the represented person or the fiduciary as such, to the taker as payee, the taker has notice of the breach of fiduciary duty if the instrument is . . . (C) deposited to an account other than an account of the fiduciary, as such, or an account of the represented person.

CAL. COM. CODE § 3307.

The plain language of § 3307 reflects its application here. Plaintiff alleges that Merrill Lynch took checks and a wire transfer order from Zahner, knowing that he was a fiduciary of Volwood, and deposited the funds into Zahner's personal account. (Cmplt. ¶¶ 43, 46, 49, 52, 55, 58, 111.) Traveler's, as assignee of Volwood, is making a claim to those funds on the grounds that Zahner's transactions constituted breaches of his fiduciary duty to Volwood. (Id. ¶¶ 42, 45, 48, 51, 54, 57, 62.) Merrill Lynch had notice of both the fiduciary breaches and Volwood's claims to the instruments because it took the instruments as payee and deposited the funds into Zahner's personal account. CAL. COM. CODE § 3307(b). Thus, Merrill Lynch took the instruments subject to Volwood's, and now Traveler's, claims, and the CCC distributes the loss to Merrill Lynch.

Traveler's insists that common law negligence claims against an entity that takes a check made payable to itself are not displaced by the CCC. (Traveler's Resp., at 5 (citing *Fireman's Fund*

---

[6] "'Represented person' means the principal, beneficiary, partnership, corporation, limited liability company, or other person to whom the [fiduciary duty] is owed." CAL. COM. CODE § 3307(a)(2).

[7] "'Fiduciary' means an agent, trustee, partner, corporate officer or director, limited liability company manager, or other representative owing a fiduciary duty with respect to an instrument." CAL. COM. CODE § 3307(a)(1).

5

*Ins. Co. v. Security Pacific Nat'l Bank*, 85 Cal. App. 3d 797 (Cal. Ct. App. 1978).) In *Fireman's Fund*, however, a non-customer drawer whose signature was forged on a check drawn from his account was *precluded* from bringing a direct cause of action against a collecting bank after final payment was made. *Id.* at 832. The court did note that its holding "d[id] not go so far as to preclude a drawer's direct cause of action for common law negligence against a collecting bank for the negligent handling of a check bearing a forged or unauthorized endorsement in all cases." *Id.* at 830. Here, however, there is no question that Zahner was authorized to endorse checks on behalf of Volwood, or that final payment has been made.

Traveler's reliance on *Joffe v. United California Bank*, 141 Cal. App. 3d 541 (Cal. Ct. App. 1983) and *City Nat'l Bank v. Crocker Nat'l Bank*, 197 Cal. Rptr. 721 (Cal. Ct. App. 1983) is equally misplaced. The plaintiffs in *Joffe* sought to recover for damages sustained when Bank of America National Trust and Savings Association ("B of A") accepted the plaintiffs' check drawn to the order of Continental Finance Systems-Wells Fargo Escrow Trust Account, and deposited the funds into Continental's separate B of A account. 141 Cal. App. 3d at 548. The plaintiffs filed suit alleging, among other things, that B of A negligently breached a duty of care by accepting the check for deposit in Continental's account. The court upheld the negligence claim, finding that the complaint sufficiently alleged suspicious circumstances from which B of A could reasonably have concluded that the party presenting the check was not authorized to conduct the transaction. *Id.* at 556. As the court explained:

> Under such circumstances--a check for a substantial amount, payable to an escrow, or trust, or similar entity at another bank, with inadequate indicia on the face of the check regarding the representative authorized to negotiate the instrument[--we] conclude that the risk to the drawer is sufficiently foreseeable to impose a duty on a depositary bank "not to ignore the danger signals inherent" in an attempted negotiation by a third party.

*Id.* (quoting *Sun 'N Sand, Inc. v. United California Bank*, 21 Cal.3d 671, 582 P.2d 920 (1978) (upholding negligence claim against bank that permitted fraudulent checks on which the bank was

6

named as payee to be deposited in the personal account of a company's employee). The court also determined that the negligence claim was not precluded by CCC §§ 3116, 3117, or 3406 because none of those sections created a loss distributive scheme applicable to the facts alleged. *Id.* at 557.

In *City Nat'l Bank*, plaintiff City National Bank similarly charged Crocker National Bank with negligently accepting fraudulently issued cashier's checks payable to Crocker, and depositing the funds in a third-party's personal account. 197 Cal. Rptr. at 722. The court upheld the negligence claim, finding adequate allegations that Crocker owed City National a duty to inquire as to whether the third-party was authorized to negotiate the checks. "There must be objective indicia from which the bank could reasonably conclude that the party presenting the check is authorized to transact in the manner proposed." *Id.* at 724 (quoting *Joffe*, 141 Cal. App. 3d at 556). The checks at issue contained no indication that the third-party had express or implied authorization from City National to negotiate the instruments and, thus, the negligence claim sufficed to withstand a demurrer. *Id.*

This case differs in an important way from *Joffe* and *City Nat'l Bank* because unlike the parties seeking to negotiate the checks in those cases, Zahner was clearly authorized to draw checks on Volwood's account as the company's CFO. In addition, the facts alleged in this case are addressed by a new CCC provision–§ 3307–not in effect at the time of *Joffe* or *City Nat'l Bank*.

Recent decisions have confirmed that such new provisions may displace common law negligence claims notwithstanding the duty to inquire. In *Lee Newman, M.D. v. Wells Fargo Bank*, for example, employees of a doctor's office fraudulently endorsed checks made payable to the doctor or his patients, and deposited the funds in their personal Wells Fargo Bank accounts. 87 Cal. App. 4th at 76. The doctor sued Wells Fargo for common law negligence, but the court found that the claim was displaced by CCC § 3405. The court acknowledged the California Supreme Court's earlier ruling in *Sun 'N Sand* that negligence claims are valid when "checks, not insignificant in amount, are drawn payable to the order of a bank and are presented to the payee bank by a third

7

party seeking to negotiate the checks for his own benefit." *Id.* at 81 (quoting *Sun 'N Sand*, 21 Cal.3d at 694-95). The court noted, however, that effective January 1, 1993, the California legislature adopted an amendment to the CCC newly providing that the risk of loss for fraudulent endorsements by employees entrusted with responsibility for checks should fall on the employer rather than the bank that takes or pays the check, unless the bank fails to exercise ordinary care in paying or taking the instrument. *Id.* at 82-83. *See also* CAL. COM. CODE § 3405. Because § 3405 "fully applie[d]" to the facts in *Lee Newman*, it displaced the negligence claim. *Id.* at 84.

As explained earlier, CCC §§ 3306 and 3307 articulate a loss distributive scheme directly applicable to the facts of this case. According to the Official Comments to § 3307:

> Section 3-307 is intended to clarify the law by stating rules that comprehensively cover the issue of when a taker of an instrument has notice of breach of a fiduciary duty and thus notice of a claim to the instrument or its proceeds.
>
> * * * *
>
> Under Section 3-306, a person taking an instrument is subject to a claim to the instrument or its proceeds, unless the taker has rights of a holder in due course. . . . Section 3-307 applies to cases in which a represented person is asserting a claim because a breach of fiduciary duty resulted in a misapplication of the proceeds of an instrument. The claim of the represented person is a claim described in Section 3-306. Section 3-307 states rules for determining when a person taking an instrument has notice of the claim which will prevent assertion of rights as a holder in due course. It also states rules for determining when a payor bank pays an instrument with notice of breach of fiduciary duty.

CAL. COM. CODE § 3307 (official comments, n.1-2). Traveler's common law negligence and breach of fiduciary duty claims are therefore displaced.

Traveler's cannot avoid this result by arguing that Merrill Lynch's negligence in depositing funds in Zahner's account is unrelated to Zahner's status as a fiduciary of Volwood. (Traveler's Resp., at 4-5 ("Count VI alleged that <u>Merrill</u> was negligent because it took checks payable to itself issued by Volwood," and "Count VII claims that <u>Merrill Lynch</u> became a fiduciary to Volwood when it took checks payable to it . . . .") (emphasis in original).) Regardless of the characterization, the Complaint alleges that Merrill Lynch took Volwood checks signed by Zahner, knowing he was a

8

fiduciary of Volwood, and deposited them in Zahner's personal account. (Cmplt. ¶¶ 14, 43, 46, 49, 52, 55, 58, 111.) In the court's view, there is no need to consider whether Merrill Lynch was guilty of common law negligence or breached its fiduciary duty to Volwood because such common law claims are displaced by the remedies available under the CCC. Because Traveler's claims under the CCC were dismissed earlier, Traveler's has no remedy against Merrill Lynch.

## II. Statutes of Limitations and Lack of Fiduciary Duty

Having determined that Traveler's negligence and breach of fiduciary duty claims are precluded by the CCC, the court need not reach Merrill Lynch's alternative grounds for dismissal based on untimeliness and lack of fiduciary duty to Volwood.

## CONCLUSION

For the reasons stated above, Merrill Lynch's motion to dismiss Traveler's negligence and breach of fiduciary duty claims (Docket No. 25) is granted. This case is dismissed with prejudice.

ENTER:

Dated: September 30, 2005

REBECCA R. PALLMEYER
United States District Judge